United States v. Sutton. Mr. Henderson. Good morning and may it please the court. My name is Peter Henderson and I represent Gene Sutton. I was appointed to brief one of the legal issues in this case to supplement Mr. Sutton's briefs and so I'll focus on that legal issue but I'm happy to answer questions about Mr. Sutton's arguments as well. The legal issue largely is semantic and largely is decided. In United States v. Shaw last month the court adopted the type of approach to motions under the First Step Act that we have advocated for in this case. It permits district courts to revisit sentences that would otherwise be final and it itself contains the grant of authority and that authority is broader than authority that would be granted by provisions in Section 3582. That statute deals only with the term of imprisonment whereas the First Step Act permits a court to reduce the entire sentence including the term of imprisonment, the term of supervised release, any fine. And so if a defendant wishes to reduce his total sentence he should file a motion under the First Step Act. There may be some interaction. Well first of all let me get out of the way. Section 3582c2 plainly does not apply. Neither party has argued that it does and the court in Shaw said that it does not apply. That applies to amendments to the sentencing guidelines. Section 3582c1b may have some application but I think that the technical sort of quibble is that it doesn't govern so much as it facilitates the overview of the term of imprisonment. Mr. Henderson, this is Judge We have not made the argument that a defendant's presence is required. It certainly seems akin to a decision I guess how I would analogize it is something like a section 2255 motion which also if if resentencing is granted or if the sentence is modified would technically fall under 3582c1b although the source of the release is section 2255. And in that situation the court I think has discretion to either modify a sentence correct a sentence or order resentencing as it sees fit and that decision would then be viewed for an abuse of discretion. And so in the 2255 context if there's an error in the sentence that there doesn't necessarily need to be a full resentencing hearing that the district judge can simply correct the sentence without having to adhere to rule 43. And so I think that that's the approach but the flip side of that is to say if the court wishes to have the defendant present there's certainly nothing wrong with that. That wouldn't be an abuse of discretion. You know what what the court I think emphasized in Shaw is that you know this is this is a new statute and district judges are really given a lot of these types of motions. So in in our in our district for example we've got one judge who every every motion gets a hearing with a video conference with the defendant present. Another judge has no hearings and enters everything by text order. And it's your position that any of those actions are fine that's really up to the district courts discretion? I mean I think that right you there certainly could be instances where the judge abuses his or her discretion but it's hard to think of examples. The example in Shaw had to do with the defendant Robinson where a district judge didn't hold a hearing and so that there wasn't any record from the hearing itself and the explanation for denying the motion was was really too summary to really facilitate appellate review. And so that would be the type of thing where the district court needs to do more to explain you know if we're looking at this from the point of view of the Court of Appeals the district court needs to do something to explain how it's using its discretion. But it does have the discretion I think. It just needs to explain in a reasoned way how it's using that discretion. Mr. Henderson I know you weren't asked to brief this aspect but if I could turn please and have a question for you on the actual denial of the motion and whether or not that was an abuse of discretion. Why isn't that question moot now in light of the fact that the defendant was released from prison last month? So there are a couple reasons why it's not moot. The first one is is very practical and it has to do with the way that the Bureau of Prisons credits time to a sentence. So Mr. Sutton was sentenced to 180 months in prison. He served a 180 month sentence. If the court if Mr. Sutton were to prevail on appeal and convince the the Bureau of Prisons would consider that he basically has a year of credit on this case. So that if his supervised release were to be revoked and he was sentenced to two years further imprisonment he would already have credit for a year. Why wouldn't that be an argument? We all hope that there's no revocation of supervised release but why wouldn't that be an argument that would more appropriately be made if there is a revocation hearing as opposed to now to reverse send back have a court resent and somebody to a lower sentence when he's already out of prison. Well I I think that you're right that that is the better argument but in terms of you know whether this case is moot there is some potential benefit to Mr. Sutton. There's another reason for avoiding mootness and it's actually the case of Pope versus Purdue. I'll try to pull it up but Mr. Sutton is currently serving a five-year term of supervised release after a year is up. Well first of all Mr. Sutton has alluded in his briefing most of these motions where the defendant was convicted under section 841 B1a and now would be subject to section 841 B1b. In the district court most of those motions we have been reducing the term of supervised release from the minimum years. That didn't happen in Mr. Sutton's case. Did Mr. Sutton ask for that in his motion? No I don't I don't think he did not from my review of his motion. So again is that but it seems like that's something if if he has a second bite at the apple he could go back and ask the court to reduce his term of supervised release on that basis again assuming he could get a second bite at the apple. Yes I think that's right and so in terms of in terms of mootness I think the answer is provided that Pope versus Purdue is 889 Federal 3rd 410 and basically after Mr. Sutton has served even just a year on supervised release he may move to reduce the term of supervised or to terminate the term of supervised release under section 3583 and so if this court determines that the denial of this first step back motion was an error even though he can't get any of that proven sentence back he would have a better argument for early termination of the supervised release request below when he brought his first step back motion for reduction would that aspect of the argument be premature? I'm not no I don't think so he has he has raised it a little late in the game that's that's true but he would he would he could make a motion in about a year's time to terminate my supervised release and if there were a favorable decision in this appeal he could cite to this appeal and say look I I served more time than I should have you should terminate my supervised release rather than you know reduce it from five to four something like that. So Mr. Henderson as Judge Scudder further is is that one of the things I've struggled with the same question because we're about ten years after the fact now at least and the resolve on you know thus far unresolved challenges to drug quantity findings in the like in the PSR so his so is it his view and I know you didn't brief this but we have the benefit of you being on the phone now so I can just you know just ask you see his view that we should remand and that the point of the remand will be for the district court to resolve whatever challenges Mr. Sutton had to the drug quantity findings or anything else for that matter that made up the computation of the applicable sentencing guideline range? I think so I think that there are two basic arguments that he's made one is that the government should be held to what he perceives to be its promise to recommend the statutory minimum sentence and the other would be at least and let me I would characterize it the way that I would I would say it according to Mr. Sutton's view his guidelines range ought to be about 87 to 108 months the drug quantity actually doesn't matter the dispute was about powder cocaine and the base offense level was set by the crack cocaine but there there's a five level swing because he got an obstruction of justice enhancement and thus did not get an acceptance of responsibility enhancement and that makes the huge difference in the range and so I think what I would ask for is a remand for the district judge to evaluate at least evaluate those arguments because what happened here is the district judge basically said well probation said this is the guidelines range and so his sentence is way below and so I'm not you know I don't see any reason to reduce it but that guidelines range wasn't was never established at the original sentencing so that doesn't necessarily require a resentencing hearing the district judge has a lot of discretion to determine how to how to deal with that sort of challenge to the guidelines range but it at least should tell us how it's resolving that challenge instead of simply adopting the view of the probation office so unless there are you yeah I give you two minutes for rebuttal thank you your honor all right and mr. Simpson you may have 12 minutes for argument in light of the time allowed for the appellant thank you judge palm so so good morning your honors this is Scott Simpson with the Department of Justice on behalf of the United States and may I please the court first of all can I make sure everyone hears me all right yes we can hear you great thank you judge St. Eve maybe if I could first of all before getting into the vehicle question posed by the court especially since the court has raised some issues about the district courts exercise of its discretion if I could first address a few things about that we think that decision was well within the court's discretion as as the court has already discussed with mr. Henderson Sutton's current sentence of 180 months was actually less than 75 percent of the bottom of his guidelines range in 20 in 2008-2009 I'm sorry and even after the application of the first step back his sentence is still only 85 percent of the bottom of his guidelines range and actually during mr. Henderson's argument there were some references to mr. Sutton's objections to the to the pre-sentence investigation report the to reduce the sentence under the First Step Act referred to the fact that in entering into a sentencing agreement which mr. Sutton did he withdrew those objections to the the PSR so his sentence of 180 months that we are dealing with the sentence that the district court imposed it's based on that sentencing agreement and again in that agreement he withdrew the Mr. Simpson where in the record is it clear that he withdrew his objections when he entered into that agreement well I guess I guess I would start with the fact that in as I said in in denying the motion for reduction of sentence the objections to the PSR and I'm trying to figure out what that was based on where in the record because I know it's hard this is district court judge is not the district court judge who sentenced him originally so going back through and trying to put things together in addressing this question what did the district court rely on in making the determination that the defendant withdrew his objections I'm not entirely clear on that your honor one thing I one thing that I think we need to keep in mind in relation to the to the to the procedural history of this case early on the defendant pleaded guilty sentencing and he and he entered his objections to the PSR sentencing did that actually occur for I'm not sure how on several months there were very long negotiations leading up to the sentencing agreement and again those negotiations were took place in the context of of the defendants objections to the PSR which had already been imposed and so I my belief my I guess my supposition based on my review of the record is that the judge felt that what the government gave up was that the government gave up quite a bit in the course of agreeing to the 180 months and based on that long negotiation in the context of the objections to the PSR I think that's why the court concluded that the government agreed to that low sentence in exchange for the defendant giving up his objections to the PSR and that's actually what the what the judge's order said in denying the motion to reduce sentence he said that in exchange for the 180 months very low sentence that that court with the other questions on the discretionary decision by the court I'll move on to the vehicle question before you do that mr. Simpson what's the government's position on the mootness of this in light of the fact that he has since been released from prison I know it was after the filing of the briefs and after the we did we did in our supplemental brief say that that we were not pressing a jurisdictional a mootness argument that we agreed with the defense counsel's argument that the case was not moved and I think that that position that we took was based on the statements on the observations that mr. Henderson made now that having been said obviously it is a jurisdictional questions question the government again it's not pressing a jurisdictional issue but we recognize of course that the court has to ensure itself of its jurisdiction we believe there is jurisdiction here we we think we agree with what mr. Henderson has said about the lack of mootness but again that having been said we certainly recognize that that it's up to the court and the court can still find that there is no jurisdiction what's the government's view on the proper remedy if we were to determine that there was an abuse of discretion and denying the motion I believe the this court would remand for for another decision but a court and the court would be deciding if mr. Sutton were still in prison what which sentence would I be would I be ordering and as mr. Henderson has said I think that would even though mr. Sutton is no longer in prison I think that would have an effect on among other things on any later motion to reduce so mr. Simpson is judge Scudder so does that hinge upon if we were to conclude for example well not for example if we were to conclude that mr. Sutton did not withdraw any objections to the PSR or the guidelines calculation connection with entering into the original sentencing agreement but rather that those objections were mooted by virtue of the agreement would we remand then if we I know that's not what you're urging us but if we if we say there they were just mooted by virtue of the sentencing agreement would we remand then and judge Shadid could just could take it all up could take the objections up etc etc from there I assume judge Shadid could take up the objections in his discretion as we discuss as discussed during the defense counsel section the district court has has broad discretion in a decision to reduce request to induce a separate use of sentence under the first step back so I suppose judge Shadid choose to consider those objections but the government's position would be that that that would be improper because the government agreed to the 180 month sentence in exchange for mr. Sutton's withdrawal of those objections right okay so so on the procedural vehicle the bottom line here is that we are asking this court to reach the same conclusion that for other circuit courts on this question we have to fit section 404 of the first step back the overall statutory scheme rather than looking at section 404 in isolation so the analysis has to start with the overall statutory prohibition in 3582 C that is the sentencing reform act statement that a court may not modify a term of imprisonment once it has been imposed that statute embodies Congress's clear to deprive the courts of any inherent continuing authority over sentences the statutes reflect clearly reflect an intent that governments general that that sentences generally be final and section 404 neatly very neatly fits within that overall scheme that is into the exception in section 3582 C 1 B that a court can modify term of imprisonment to the extent expressly permitted by some other statute so section 3582 C is the general prohibition section 3582 C 1 B is a placeholder for later exceptions that may be enacted and Congress simply plugged in one of those exceptions by enacting section 404 I'm not sure how the scheme could be any clearer than that and I the defense asserts that the question of the correct vehicle here is just a semantic question but apparently this court thought otherwise because it has posed the question so we asked the court to hold along with those four other circuits that the proper vehicle is a motion under 3582 C 1 B now that doesn't that doesn't necessarily answer all questions as to how a court should go about determining a new sentence if the court exercises its discretion to reduce the sentence the mechanics of that process such as considering the 3553 a factors those are other questions and we would urge the court in this case to defer those those questions of mechanics the cases in which the issues are presented in a concrete factual context as they were in Shaw for example two other cases the are still pending before the court speed and Vortes that speed is 19-2708 and Vortes is 19-2476 some of those issues perhaps are pending there but those questions of measuring the amount of a reduction are not presented here we so that basically completes my argument are there any further questions from the court apparently not thank you mr. Simpson mr. okay so just justice just to sum up just to sum up if I could so we urge the court to affirm we urge the court to affirm the district courts denial of Sutton's motion for reduction of sentence and answering the the questions posed by the court to hold that the proper vehicle under the first step back is a motion under section 3582 c1b thank you mr. Simpson mr. Henderson I just wanted to answer judge St. Eve's question about where in the record we can find the answer to our dispute about withdrawal of objections or mooting of objections on page 53 of the sentencing transcripts which is docketed as number 85 what defense counsel says is that it would be our position the United States and the defense agree to disagree on the objections that we raised talking about acceptance of responsibility obstruction of justice the amount of drugs and so what happens in the addendum to the PSR that was filed after sentencing judge wrote that all objections are moot and not necessary to be ruled on because of the sentencing agreement and so to the extent the judge shattered understood that mr. Sun had withdrawn his objections rather than agreeing that they were moot because of the sentencing agreement that that would have been an error and so that that certainly could justify a remand for for reconsideration just so that this court knows exactly how judge had it is is using his discretion in the case thank you thank you mr. Henderson thank you mr. Simpson the case is taken under advisement